

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-58,167-02

**EX PARTE JAMES EVERETT PRICE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. B-19-0075-CR-W1 IN THE 161ST DISTRICT COURT FROM ECTOR COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to DWI-third or more and was sentenced to 18 years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his sentence is illegal and his plea was involuntary because the punishment of 18 years exceeds the maximum sentence for the offense of conviction. He appears to say that he did not knowingly plead guilty in exchange for this sentence.

The writ record supports Applicant's assertion that he was convicted of a 3rd-degree felony, which carries a maximum sentence of 10 years, but he was sentenced to 18 years. *See* Penal Code § 12.34(a); § 49.04(a); § 49.09(b)(2). The indictment includes dates of Aug. 22, 2018, Jan. 26, 2017,

and Nov. 2, 1990. The 2018 date is the alleged offense date of the instant DWI offense. The 2017 and 1990 dates are alleged dates of prior convictions of offenses relating to operating a motor vehicle while intoxicated. The judgment shows a conviction for the offense of DWI-third or more with an offense date of Aug. 22, 2018, and an 18-year sentence plus a 1-year license suspension.

In the plea papers, Applicant acknowledged that the allegations in the indictment were true, he pled guilty to a 3rd degree felony, and he agreed to a sentence of 18 years. However, there is no evidence of additional plea bargain terms or affirmative findings that might account for the 18-year sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the 18-year sentence in the instant case is legal and whether Applicant's plea in exchange for that sentence was voluntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: Jan 11, 2023
Do not publish